FILED & JUDGMENT ENTERED
Steven T. Salata

December 17 2019

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 19-31537 |
| SIBAHAM LIMITED f/k/a ) | |
| MAHABIS LIMITED ) | Chapter 15 |
| ) | |
| Debtor in a Foreign Proceeding. ) | |

## ORDER RECOGNIZING UK PROCEEDING AS
## FOREIGN MAIN PROCEEDING AND GRANTING RELATED RELIEF

Upon the verified petition (the "Verified Petition")[1] of the Foreign Representatives of the Debtor for entry of an order (i) recognizing the UK Proceeding as a "foreign main proceeding," (ii) recognizing the Foreign Representatives as the "foreign representatives" in respect of the UK Proceeding, (iii) granting automatic relief pursuant to section 1520 of the Bankruptcy Code, and (iv) to the extent such relief exceeds the relief available pursuant to section 1520 of the Bankruptcy Code, granting such relief pursuant to sections 1507 and 1521(a) of the Bankruptcy Code; and upon the Court's review of the Verified Petition and all related filings and other submissions; the Court, after due deliberation, hereby **FINDS AND DETERMINES** that:

---

[1] Capitalized terms used by not otherwise defined herein shall have the meanings given to such terms in the Verified Petition.

(i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and section 1501 of the Bankruptcy Code;

(ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b);

(iii) venue is proper in this district pursuant to 28 U.S.C. § 1410;

(iv) due and proper notice of the Verified Petition has been provided under the particular circumstances and no other or further notice need be provided;

(v) the Chapter 15 case was properly commenced pursuant to sections 104, 1509, and 1515 of the Bankruptcy Code;

(vi) the UK Proceeding is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code;

(vii) the UK Proceeding is pending in the country where the Debtor's center of main interests is located and is therefore a "foreign main proceeding" within the meaning of section 1516 of the Bankruptcy Code;

(viii) the Foreign Representatives each qualify as a "foreign representatives" within the meaning of section 101(24) of the Bankruptcy Code;

(ix) the Petition satisfies the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4);

(x) the UK Proceeding is entitled to recognition as a foreign main proceeding by this Court;

(xi) the Foreign Representatives are entitled to all of the relief provided under section 1520 and, to the extent necessary, section 1521, without limitation; and

(xii) the relief granted herein is necessary and appropriate, in the best interest of the public and international comity, consistent with the public policy of the United

States, and warranted pursuant to sections 1507, 1517, 1520, and 1521 of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The relief requested in the Verified Petition is GRANTED as set forth herein.

2. The UK Proceeding is recognized as a foreign main proceeding pursuant to section 1517(a) and (b)(1) of the Bankruptcy Code.

3. Paul William Ellison and Gareth Wyn Roberts are recognized as foreign representatives within the meaning of section 101(24) of the Bankruptcy Code.

4. All relief authorized by 11 U.S.C. § 1520 shall apply throughout the duration of this proceeding or until otherwise ordered by this Court, including, without limitation, the automatic stay authorized by 11 U.S.C. § 362.

5. The relief granted in the prior paragraph shall specifically include, but not be limited to, the following provisions:

　　i.　No person or entity may (a) commence or continue any legal proceeding (including, without limitation, any judicial, quasi-judicial, administrative, or regulatory proceeding or arbitration) or action against the Debtor, its assets located in the United States, or the proceeds thereof; (b) enforce any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award against the Debtor; (c) commence or continue any legal proceeding or action to create, perfect, or enforce any lien, setoff, or other claim against the Debtor or against any of its assets located in the United States or the proceeds thereof; and (d) exercise any control over the Debtor's assets located in the United States except as authorized by the Debtor in writing.

　　ii.　Each of the Foreign Representatives, jointly and severally, is hereby granted the rights, powers, protections, privileges, and immunities of a trustee in a bankruptcy in the United States during this Chapter 15 case. No action taken during such period by the Foreign Representatives, or their agents, representatives, advisors, or counsel, in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the UK Proceeding, this Order, this Chapter 15 case, any adversary proceeding, or any further proceeding commenced in this Chapter 15 case shall be deemed to constitute a waiver of the immunity afforded such person under 11 U.S.C. §§ 306 or 1510.

6.   Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to the contrary including, but not limited to Bankruptcy Rules 7062 and 1018, (a) this Order shall be effective immediately and enforceable upon its entry; (b) the Foreign Representatives are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Foreign Representatives or the Debtor are authorized and empowered, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

7.   No later than one business day after the entry of this Order, the Foreign Representatives shall serve, by overnight mail or by hand delivery, a copy of this Order upon the Bankruptcy Administrator for the Western District of North Carolina, Paul S. Rothstein at 626 N.E. First Street, Gainesville, Florida 32601, and any other party entitled to notice, and such service shall be good and sufficient service of this Order.

8.   The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order, as well as any requests for additional relief, any adversary proceeding brought in and through this Chapter 15 case, and any request by any entity for relief from the provisions of this Order.

**This Order has been signed electronically.  The judge's signature and court's seal appear at the top of the Order.**                                **United States Bankruptcy Court**