# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| In re: | ) |
|  | ) Case No. : 19-31537 |
| SIBAHAM LIMITED f/k/a | ) |
| MAHABIS LIMITED | ) Chapter 15 |
|  | ) |
| <u>Debtor in a Foreign Proceeding.</u> | ) |

**OBJECTING PARTIES' MOTION TO VACATE ORDER RECOGNIZING UK PROCEEDING AS FOREIGN MAIN PROCEEDING AND GRANTING RELATED RELIEF. [Dkt.12]; VACATE ORDER (I) SCHEDULING RECOGNITION HEARING AND SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE AND (II)GRANTING RELATED RELIEF [Dkt. 5]; RESCHEDULING RECOGNITION HEARING AND SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE AND <u>GRANT OBJECTING PARTIES' REQUEST FOR RELIEF</u>**

Penwah Thomas ("PT") and Dennis Thomas ("DT") (collectively "OBJECTING PARTIES"), move to vacate Order Recognizing UK Proceeding as Foreign Main Proceeding and Granting Related Relief; vacate Order (I) Scheduling Recognition Hearing and Specifying Form and Manner of Service of Notice and (II) Granting Related Relief; Rescheduling Recognition Hearing and Specifying Form and Manner of Service of Notice and Grant Objecting Parties Request for Relief and state as follows:

1. This Motion is not and should not be construed as a submission to the jurisdiction of this Court.

2. On November 8, 2019, Paul William Ellison and Gareth Wyn Roberts, in their capacity as the duly authorized joint foreign representatives (the "Foreign Representatives") of the above-captioned debtor (the "Debtor") filed a verified petition (the "Verified Petition") [Dkt.2] seeking entry of an order, substantially in the form of the proposed order which was attached as Exhibit A and referenced as

1

(the "Proposed Order"), granting (i) recognition of the Debtor's foreign court proceeding (the "UK Proceeding") pending before the Business & Property Courts Part, of the High Court of Justice of England and Wales (the "English Court") as a foreign main proceeding pursuant to sections 1515 and 1517 of title 11 of the United States Code (the "Bankruptcy Code") and (ii) related relief pursuant to sections 105(a), 1507(a), 1520, and 1521 of the Bankruptcy Code. On the same date, the Foreign Representatives filed in this action a document titled Official Form 401 Chapter 15 Petition for Recognition of a Foreign Proceeding. [Dkt.2]

3. A review of the docket in this action demonstrates a conscious effort to expedite these proceedings at the expense of Objecting Parties.

4. In support of the Verified Petition, the Foreign Representatives referenced the *Declaration of Gareth Roberts in Support of (A) Verified Petition for Recognition of Foreign Main Proceeding Pursuant to Chapter 15 of the Bankruptcy Code and Application for Related Relief and (B) Ex Parte Motion for Order (I) Scheduling Hearing to Consider Petition for Recognition of Foreign Main Proceeding, (II) Approving Related Form of Notice, and (III) Granting Related Relief* (the "Roberts Declaration").

5. On November 8, 2019, the Foreign Representatives filed an *Ex Parte Motion for Entry of Order (I) Scheduling Recognition Hearing and Specifying Form and Manner of Service of Notice and (II) Granting Related Relief.* The Foreign Representatives filed a proposed order with the *Ex Parte* Motion. [Dkt.4]

6. On November 13, 2019, this Court entered an Order (I) Scheduling Recognition Hearing and Specifying Form and Manner of Service of Notice and (II) Granting

Related Relief; a Hearing will be held on 12/16/2019 at 9:30 AM in Charlotte, NC, Courtroom 1-4. [Dkt.5].

7. On November 13, 2019, the Court docket reflects a Notice of Commencement of Chapter 15 Case and Hearing of Petition Seeking Recognition of Foreign Proceeding Pursuant to Chapter 15 of the Bankruptcy Code [Dkt.6].

8. On November 13, 2019, the Court docket reflects a Certificate of Service. [Dkt.7]

9. On November 15, 2019, the Court docket reflects a BNC Certificate of Mailing. [Dkt.8].

10. On November 20, 2019, the Court docket reflects a Notice of Address Change. [Dkt.9].

11. On November 21, 2019, the Court docket reflects a Clerk's Entry to Denote Correction to Docket. [Dkt.10].

12. On December 17, 2019, this Court entered an ORDER RECOGNIZING UK PROCEEDING AS FOREIGN MAIN PROCEEDING AND GRANTING RELATED RELIEF. [Dkt.12]. The Court docket included an entry: Disposition of Hearing Held on December 16, 2019. The entered Court order differed from the proposed Order submitted to the Court in that the entered order required that Undersigned Counsel receive expedited Notice of this Order. The submitted proposed Order did not include any Notice to Undersigned Counsel.

13. Objecting Parties did not receive any notice of these proceedings contrary to the relevant Bankruptcy Rules and fundamental procedural and substantive due process.

14. All the docket entries reflect that undersigned counsel never received any Notice of these proceedings although the documents specifically confirm knowledge that Undersigned Counsel represents Objecting Parties.

15. Undersigned Counsel's first notice of these proceedings occurred on December 18, 2019 with receipt of a Federal Express package.

16. In that Federal Express package was a copy of the signed ORDER RECOGNIZING UK PROCEEDING AS FOREIGN MAIN PROCEEDING AND GRANTING RELATED RELIEF. [Dkt.12].

17. Debtor cites in its Ex Parte Motion [Dkt.4] Bankruptcy Rule 2002(q)(1) which requires that it provide "**all entities[emphasis added] against whom provisional relief is sought, all parties to litigation in the United States to which the Debtor is a party, and such other entities as the court may direct" (collectively, the "Notice Parties") must be given at least twenty-one days' notice of the hearing on the petition for recognition of a foreign proceeding."** [emphasis added]

18. Objecting Parties were given no notice of the proceedings contrary to the fundamental due process requirements, both substantive and procedural.  There is no possible contortion or misconstruction of Rule 2002(q)(1) or principles of fundamental due process that would excuse or justify the lack of notice to Objecting Parties.

19. The plain language of the Rule states that Notice must be given to all "entities against whom provisional relief is sought. . ." Rule 2002(q)(1). Objecting Parties qualify as such entities. The filed documents are directed specifically at Objecting

Parties and only them. The filed documents do not mention any other creditor in the United States that hold or may hold a viable claim against the Debtor.

20. In Foreign Representatives' Verified Petition, they title a section, "V. Threatened Litigation in the United States." Throughout that section, they reference Undersigned Counsel. Foreign Representatives had in their possession all information necessary to notify Objecting Parties and Undersigned Counsel of these proceedings.

21. Foreign Representatives have no legitimate basis to file this case in this Court, and venue should be transferred to either the U.S. Bankruptcy Court for the District of New Jersey, or the U. S. Bankruptcy Court for the Northern District of Florida.

22. The relevant bankruptcy provisions state:

> A case under chapter 15 of title 11 may be commenced in the district court of the United States for the district—
> (1)
> in which the debtor has its principal place of business or principal assets in the United States;
> (2)
> if the debtor does not have a place of business or assets in the United States, in which there is pending against the debtor an action or proceeding in a Federal or State court; or
> (3)
> in a case other than those specified in paragraph (1) or (2), in which venue will be consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative.

23. The only possible basis to file this action in this Court is Section (3). However, it is beyond a stretch of both imagination and reasonableness to confer venue in this Court based on the underlying facts and circumstances. Objecting Parties reside in New Jersey. Undersigned Counsel operates his business in Alachua County Florida. At a minimum, the proper venue for these proceedings would be the U.S. Bankruptcy Court for the District of New Jersey, or the U. S. Bankruptcy Court for the Northern

District of Florida. If the Court vacates the previously entered Orders, but accepts jurisdiction, then the Court should reject the chosen venue, and transfer venue out of North Carolina under 28 U.S.C. § 1412. The interests of justice and the convenience of the parties compel the alternative forum as the appropriate venue. The Foreign Representatives only mention the Objecting Parties and the Undersigned Counsel as the cause for these Chapter 15 proceedings.

24. The evidence is overwhelming that Debtor manufactured eligibility under section 109 and the Court should reject Debtors' requested relief because Debtor and Foreign Representatives have acted in bad faith, and have engaged in manipulation and gamesmanship.

25. Debtor and Foreign Representatives have as much basis to have this matter heard in the Western District of North Carolina as the U.S. Bankruptcy Court for the District of Alaska. Unlike the cases cited by Debtor and Foreign Representatives in their Verified Petition, this filing is distinguishable and thus, groundless for filing in this venue for the following reasons:

   a. Objecting Parties are bonafide creditors who reside in New Jersey. Their status would be deemed that of unsecured creditors. The Verified Petition, under Section IV, Liquidation, indicates that the only creditors against Debtor are "unsecured creditors." Objecting Parties status is the same as that of all other creditors of Debtor.

   b. Debtor through its Foreign Representatives intentionally did not Notice the Objecting Parties of these proceedings. It is obvious from the *In re B.C.I. Finances Pty Ltd.,* 583 B.R. 288, 293 (Bankr. S.D.N.Y. 2018) case cited by

      Debtor, that all interested parties there were noticed and participated in the proceedings.

  c. In that the only U.S. creditor is the Objecting Parties, if jurisdiction is accepted, then the proper forum should be New Jersey. That a retainer paid to a law firm would trump the Objecting Parties as the basis for venue would be unsupported by facts or the law.

  d. Debtor implies that Objecting Parties did not comply with the procedures in the UK proceeding and therefore should not be granted any status. The record reveals otherwise. The communication sent on September 4, 2019 by Objecting Parties to Foreign Representatives demonstrates that Objecting Parties have provided Debtor with extensive documentation of their legitimate claims. *See* Composite Exhibit 1.[1,2] All of the information requested on the claim form has been provided to Debtor. To assure strict compliance, as of the time of this filing, Objecting Parties have submitted the claim form. Composite Exhibit 2. Debtor did not respond to Objecting Parties last request for a status update made on September 10, 2019. Exhibit 3.

26. Objecting Parties required the services of an attorney to bring this Motion. Based on Debtor's bad faith filing, Objecting Parties request an award of fees and expenses against Debtor.

---

[1] One exhibit to the September 4, 2019 correspondence was not included in this filing due to file size. The Excluded Exhibit contained negative reviews of the product at issue, not necessarily tailored to the issue of the drafted complaint. Other exhibits, included herewith as a part of Composite Exhibit 1, include tailored complaints related to the allegations of the draft complaint.

[2] One other exhibit to the September 4, 2019 correspondence was not included in this filing due to the personal nature of photographic evidence of personal injuries.

WHEREFORE, Objecting Parties request the following relief:

A. Enter an Order vacating the order recognizing UK Proceedings as Foreign Main Proceeding and Granting Related Relief;

B. Enter an Order vacating the specified form and manner of service and notice;

C. Enter an Order vacating the [I] Scheduled Recognition Hearing and Specifying Form and Manner of Service of Notice and (II) Granting Related Relief;

D. Enter an Order rescheduling the Recognition Hearing and Specifying Manner of Service and Notice as requested by Objecting Parties and Granting Objecting Parties Request for Relief;

E. Enter an Order awarding reasonable fees and expenses against Debtor and in favor of Objecting Parties; and

F. Granting whatever other relief is deemed just and appropriate.

Dated this 24th day of December 2019     Respectfully Submitted,

Paul S. Rothstein
By: /s/ Paul S. Rothstein
*(Special Admission Pending)*
626 N.E. 1st Street
Gainesville, FL 32601
Tel: (352) 376-7650
Fax: (352) 374-7133
Email: psr@rothsteinforjustice.com
*Attorneys for the Objecting Parties*

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of December 2019, the foregoing OBJECTING PARTIES' MOTION TO VACATE ORDER RECOGNIZING UK PROCEEDING AS FOREIGN MAIN PROCEEDING AND GRANTING RELATED RELIEF.[Dkt.12]; VACATE ORDER (I) SCHEDULING RECOGNITION HEARING AND SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE AND (II)GRANTING RELATED RELIEF; RESCHEDULING RECOGNITION HEARING AND SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE AND GRANT OBJECTING PARTIES REQUEST FOR RELIEF  and a copy of has been served on all Parties required to be served by electronically filing with the Clerk of the Court of the United States Bankruptcy Court Western District of North Carolina, Charlotte Division, by using the CM/ECF system.

　　　　　　　　　　　　　　　　　　　　　/s/ *Paul S. Rothstein*
　　　　　　　　　　　　　　　　　　　　　Paul S. Rothstein